COURT
OF APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-263-CR
 
BAQUEE ANTAR SABUR                                                                    
APPELLANT
V.
THE STATE OF TEXAS                                                                        
STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Baquee Antar Sabur pleaded guilty to credit card abuse
pursuant to a plea bargain. Although the trial court certified that appellant
had no right to appeal, he filed a notice of appeal on June 3, 2003, appealing
from his conviction. See Tex. R. App. P. 25.2(a)(2), (d).
We dismiss the appeal.
On July 16, 2003, we informed appellant that unless he showed grounds
for continuing the appeal it would be dismissed. Appellant responded by claiming
he was appealing from the trial court's rulings on pretrial motions addressing
his right to a speedy trial and self-representation. Our review of the record
does not reveal that appellant ever filed a motion for a speedy trial that was
ruled on by the trial court. See Tex. R. App. P.
25.2(a)(2)(A). Appellant filed, on the other hand, a petition for writ of habeas
corpus in the trial court raising the issue of speedy trial. Appellant later
appealed to this court the trial court's ruling on the petition, and we refused
to address the claim, stating that a pretrial habeas application was not the
proper vehicle to raise a speedy trial claim. Ex parte Sabur,
Nos. 2-02-305-CR, 2-02-306-CR, 2-02-307-CR, 2-02-308-CR, slip op. at 2 (Tex.
App.-Fort Worth Mar. 6, 2003, no pet.) (not designated for publication).
Appellant did not pursue the issue further in the trial court. Furthermore,
while appellant filed a motion for self-representation after his first attorney
had been allowed to withdraw and a second attorney was appointed, no ruling was
obtained on that motion. Thus, appellant cannot appeal from that motion. See
Tex. R. App. P. 25.2(a)(2)(A). Finally, appellant does not have the trial
court's permission to appeal. See Tex. R. App. P.
25.2(a)(2)(B).
Because appellant has not shown grounds for continuing the appeal, we
dismiss this appeal. See Tex. R. App. P. 43.2(f).
 
                                                                       
SAM J. DAY
                                                                       
JUSTICE
 
PANEL D: DAY, LIVINGSTON, and DAUPHINOT, JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: August 21, 2003

1. See Tex. R. App. P. 47.4.